NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEJANDRO MOTIN-LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 15-73158

Agency No. A095-751-704

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2022[**]
San Francisco, California

Before: W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Alejandro Motin-Lopez, a citizen and native of Honduras, petitions for

review of the decision of the Board of Immigration Appeals ("BIA") affirming the

order of the Immigration Judge ("IJ") denying his applications for withholding of

removal and protection under the Convention Against Torture ("Torture

Convention").[1] We have jurisdiction pursuant to § 242(a)(1) of the Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[1] Motin-Lopez forfeited any challenge to the agency's denial of his asylum claim

and Nationality Act, 8 U.S.C. § 1252(a)(1), and we review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under the substantial evidence standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. Substantial evidence supports the agency's determination that Motin-Lopez failed to establish "a 'clear probability' of future persecution" on account of his "race, religion, nationality, political opinion, or membership in a particular social group." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (citation omitted); *see also* 8 U.S.C. § 1231(b)(3)(A). Although Motin-Lopez was robbed by gang members on multiple occasions,[2] he failed to show that "gang members were or would be motivated to harm [him] on account of his membership in a family that owned a small business." On this record, the agency permissibly concluded that any harm he had experienced or might face arises from general criminal activity by gangs and not on account of a protected ground. Motin-

---

by failing to address that ruling in his opening brief. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

[2] Motin-Lopez also argues that the agency failed to consider that on three occasions he was temporarily detained by military officials. However, Motin-Lopez did not raise this argument on appeal to the BIA, and we therefore lack jurisdiction to consider this unexhausted issue. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

Lopez's claim for withholding of removal was therefore properly rejected.

2. Substantial evidence also supports the agency's conclusion that Motin-Lopez failed to show that "it is more likely than not that he . . . would be tortured if removed" to Honduras. 8 C.F.R. § 1208.16(c)(2); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). Although Motin-Lopez contends that the agency failed adequately to consider country conditions evidence, the IJ's ruling was based on the entire record, which (at the IJ's request) included the country conditions reports, and the BIA specifically referenced those reports in its decision. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). Here, those reports contain evidence that, although significant corruption exists in Honduras, "[t]he government took steps to prosecute and punish officials who committed abuses." Viewing the record as a whole, we cannot say that a reasonable factfinder would be compelled to conclude that it is more likely than not "a Honduran official would acquiesce in any torture" that might be "inflicted . . . by gang members."[3]

The petition for review is **DENIED**.

---

[3] Motin-Lopez contends that the agency violated his due process rights, but he presents no argument in support of that claim beyond the other points that we have already rejected. He has therefore failed to show any due process violation.